## SUCCESSION OF MONTGOMERY.

Where slaves and other property were conveyed, in another State, by a deed of trust for the benefit of a creditor, and a part only of the property conveyed is accounted for, and the creditor is proved to have in his possession some of the slaves so conveyed, besides having received various sums under the same title, no portion of his claim can be allowed.

APPEAL from the District Court of Madison, *Selby*, J. *R. C. Downes*, *Stacy* and *Sparrow*, for the appellant. *Stockton* and *Steele*, for the opponents. The judgment of the court was pronounced by

ROST, J. This case was before us on a former appeal, and the facts of it are

fully stated in the opinion then delivered. 2d Annual, 469. It was remanded for the purpose of correcting the numerous irregularities in the record, with instructions to the court below to require a new account and tableau to be filed by the curator of *Montgomery's* succession. A new tableau has accordingly been filed, and the opponents on the first tableau have renewed their oppositions. The judgment of the district court sustains them, so far as they resisted the privilege claimed by *W. Jenkins* for himself and *J. Jenkins*, except for the amount of $1508 75, which the court ordered to be paid by privilege under the deed of trust mentioned in the former opinion of the court. The judgment then distributes the remainder of the fund among the ordinary creditors. The curator has appealed, and the opponents ask that the judgment be amended in their favor.

We are of opinion that there is error in the judgment, so far as it allows a privilege to *William Jenkins* and the estate of *James Jenkins*, under the deed of trust, for any portion of their claim. The deceased assigned to *Whittington*, for their benefit, thirty eight slaves, horses, cattle and moveables; of all this property only twenty four slaves are accounted for, and it is shown that *William Jenkins* has in his possession some of those slaves and cattle, in addition to various sums of money received by him under the same title. Claiming equity under the deed of trust, these parties must do equity, and as they have failed to account for the remainder of the property assigned for their benefit, they cannot be heard.

The other questions in the cause are exclusively questions of fact, and appear to have been correctly decided in the court below.

The judgment is therefore reversed, and it is ordered that the tableau filed in this case be amended so as to distribute the sum of $5,937 13, now in the hands of the curator, among the creditors of the succession, and in proportion to the amount of their respective claims. It is further ordered that the costs of this appeal be paid by the appellant; the costs of the district court to be paid by the curator.