GUTIÉRREZ, PLAINTIFF AND APPELLANT, *v.* MUNICIPAL ASSEMBLY OF YAUCO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in Certiorari Proceedings.

No. 3207.—Decided June 13, 1924.

CERTIORARI—MUNICIPALITIES—MUNICIPAL ASSEMBLY—QUORUM—CONSTRUCTION OF LAW.—In an appeal from an order dismissing a petition for a writ of certiorari to review the action of a municipal assembly in exonerating a commissioner of public service, police and prisons from certain charges preferred against him by the petitioner, construing together sections 18 and 26 of the Municipal Law, as amended in 1920 and 1921, respectively, it was *Held:* That by "a vote of two-thirds of the members of the municipal assembly" is meant two-thirds of those present, assuming, of course, the presence of a quorum, which is a majority of all of the members of the assembly.

The facts are stated in the opinion.

*Mr. C. del Toro Fernández* for the appellant.

The appellee did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The District Court of Ponce dismissed a petition for certiorari to review the action of the Municipal Assembly of Ponce in exonerating a public service commissioner from certain charges preferred by petitioner.

The three alleged causes of action were in substance: (1) That only five out of nine members were present; (2) that one of these had taken his seat after the investigation or hearing of the charges, and (3.) that the conclusion reached was contrary to the evidence.

Appellant now says that:

"First.—The district court erred in holding in the preamble to its resolution appealed from that the main question raised by us was the vindication of Commissioner Vivaldi by an assembly which was not made up of two-thirds of its integrant members.

"Second.—The district court erred by raising in the first of the findings on which it based its refusal to grant the writ prayed for, the question of whether we have or have not the right to appeal from the resolution of the Municipal Assembly of Yauco.

"Third.—The district court erred in holding among other reasons for its decision appealed from that the acts of municipal assemblies in the exercise of their purely private functions cannot be reviewed or quashed by certiorari and in recognizing only a right of appeal to be exercised exclusively 'by those who by reason of the duties they discharge or the office they hold have been prejudiced by the resolution of a municipal assembly.'

"Fourth.—The district court erred in setting forth as another ground for the unqualified refusal of the writ that the vindication of Commissioner Vivaldi is not a legislative function.

"Fifth.—The district court erred in finding that according to subdivision 5 of section 26 of our Municipal Law the Commissioner of Public Service, Police and Prisons can be tried and removed from office for just cause, etc.; that the statute clearly provides that two-thirds of the members of the municipal assembly are necessary for such purpose,—in order to make a finding that the law is silent as to the number of the members of an assembly required to vindicate him."

For the purposes of this opinion it may be conceded that the court below committed all of the errors so imputed to it.

The brief does not satisfy us that the second cause of action has any merit, nor that the district court, in a proceeding of this kind, has any power to pass upon the issue sought to be raised in the so-called third cause of action. The first error, therefore, if any, may be regarded as harmless.

The others are equally innocuous, unless petitioner is entitled to relief upon the theory of the want of a quorum.

"It is well settled that a majority of a quorum of a municipal council have the right to take any action which is within the power of the entire council, unless the statute, charter or by-laws governing the council provides otherwise, . . . . When it is provided by statute that a certain matter may be enacted only by unanimous vote, the unanimous vote of those present at the meeting is all that is necessary, and when a larger proportion than a bare majority is required, the requisite proportion of those present and voting is usually deemed sufficient, provided, of course, that a quorum is present. When, however, the statute requires the vote of a majority. or a greater proportion of 'the members' of the council it has been held that a measure cannot be enacted by a majority of those present, unless they also constitute a majority of all the members of the council, both present and absent." 19 R.C.L., 890, Sec. 190.

Section 18 of the Municipal Law as amended in 1920, Acts of that year, page 58, and section 26 as amended in 1921, Acts of 1921, page 444, in so far as pertinent to any question herein, read as follows:

"Sec. 18.—The majority of the total number of the members of the municipal assembly shall constitute a *quorum;* and all sessions of the said assembly shall be public and shall be held at the town hall of the municipality.

"Sec. 26.—That the municipal assembly shall have sole authority—

\*          \*          \*          \*          \*          \*          \*

"5.—To appoint and remove for just cause any member of the council of administration after having heard the party and having given him an opportunity to defend himself, except the commissioner of public service, police and prisons who may be impeached and removed from office for just cause on a vote of two-thirds of

the members of the municipal assembly, through public impeachment, and the commissioner of public service, police and prisons shall have the right of appeal to the proper district court from such action as the assembly may take in the premises.''

Construing these two sections together, in the light of the reasoning to be found in the decided cases, we are constrained to hold, in the absence of a more definite indication of any contrary intention on the part of the Legislature, that by "a vote of two-thirds of the members of the municipal assembly" is meant two-thirds of those present, assuming of course the presence of a quorum; and that, as in the case of the appointment or removal of other members of the council of administration, only the quorum expressly defined by language adapted to that purpose in section 18, *supra,* is needed in order to impeach, remove or exonerate a commissioner of public service, police and prisons.

See *State* v. *Steeggs,* 46 So. 270; *Sieler* v. *Central R.R. Co.,* 36 L.R.A. 470; *Atkins* v. *Phillips,* 10 L.R.A. 158; *Warnock* v. *City of La Fayette,* 4 La. Ann. 420; *State* v. *Board of Police Commrs.,* 113 La. 427; *United States* v. *Ballin,* 144 U. S. 1; *State* v. *Missouri Pac.,* 152 Pac. 781.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.