Gutiérrez, Demandante y Apelante, *v.* Asamblea Municipal de Yauco, Demandada y. Apelada.

No. 3207.—*Visto:* Marzo 6, 1924. *Resuelto:* Junio 13, 1924.

*Certiorari* Contra Asambleas Municipales—Comisionado de Servicio Público —Facultad de las Asambleas para Exonerar a los Comisionados—Interpretación de los Artículos 18 y 26 de la Ley Municipal.—En la apelación de una decisión que negó un auto de *certiorari* para revisar una resolución de la asamblea municipal que exoneró al comisionado de servicio público, policía y prisiones de ciertos cargos formulados por el peticionario, interpretando conjuntamente los artículos 18 y 26 de la Ley Municipal como quedaron enmendados en 1920 y 1921, respectivamente, *se resolvió:* que ''por el voto de las dos terceras partes de los miembros de la asamblea municipal'' se quiere expresar las dos terceras partes de aquellos presentes, asumiendo, por supuesto, la existencia de un *quorum,* el cual consiste en la mayoría del número total de miembros de la asamblea.

Resolución de *R. Díaz Cintrón,* J. (Ponce), denegando auto de *certiorari* contra un acuerdo de la asamblea municipal. *Confirmada.*

*C. del Toro Fernández,* abogado del apelante; la parte contraria no compareció.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La Corte de Distrito de Ponce desestimó una solicitud de *certiorari* para revisar la resolución tomada por la Asamblea Municipal de Yauco exonerando al comisionado de servicio público de responsabilidad por ciertos cargos que le fueron formulados por el peticionario.

Las tres alegadas causas de acción fueron en sustancia, (1) que de los nueve miembros sólo cinco estuvieron presentes; (2) que uno de éstos había tomado parte en la sesión después de la investigación o vista de los cargos; y (3) que la conclusión a que se llegó era contraria a la prueba.

Alega ahora el apelante haberse cometido los siguientes errores:

"Primero: Erró la corte de distrito, al declarar en el preámbulo de su resolución apelada, que la cuestión principal promovida por nosotros fué la exoneración del Comisionado Vivaldi por una Asamblea que no estaba constituída por las dos terceras partes de sus miembros integrantes.

"Segundo: Erró la corte de distrito discutiéndonos en el número 1 de la enumeración de sus razones para denegarnos el auto rogádole, si tenemos o nó derecho a apelar, contra la resolución de la Asamblea Municipal de Yauco.

"Tercero: Erró la corte de distrito sosteniendo como otras de las razones de su resolución apelada, que no se pueden revisar o anular mediante *certiorari* los actos realizados por las asambleas municipales en el ejercicio de sus facultades puramente privativas, y reconociendo contra ellas únicamente un derecho de apelación para ser ejercitado sólo por aquellos que por razón del puesto que desempeñen o el cargo que ocupen, directa o indirectamente sufran perjuicios por la resolución de una asamblea municipal.

"Cuarto: Erró la corte de distrito exponiendo como otra razón suya para la denegatoria de plano del auto, que la exoneración del Comisionado Vivaldi no constituye un acto legislativo.

"Quinto: Erró la corte de distrito admitiendo que según el inciso 5º del artículo 26 de nuestra Ley Municipal el comisionado de servicio público, policía y prisiones podía ser juzgado y separado de su cargo por justa causa etc.; que el precepto claramente expresa que se necesitan dos terceras partes de los miembros de la asamblea municipal para tal fin, para concluir que nada expresa la ley del número de asambleístas necesario para exonerarlo."

Para los fines de esta opinión puede admitirse que la corte inferior cometió todos los errores que le han sido imputados.

El alegato no nos convence de que la segunda causa de acción tenga algún mérito, ni que la corte de distrito, en un

procedimiento como éste, tiene facultad para resolver la cuestión que trató de levantarse en la llamada tercera causa de acción.   El primer error, por tanto, si lo es, puede considerarse que no es perjudicial.

Los demás errores igualmente no perjudican, a menos que el peticionario tenga derecho al remedio solicitado por virtud de la teoría de una falta de *quorum.*

"Está bien establecido que una mayoría de un *quorum* de un concejo municipal tiene derecho a adoptar cualquier acción que esté dentro de las facultades de todo el concejo, a menos que el estatuto, carta constitutiva o reglamentos que gobiernan el concejo dispongan otra cosa,   *   *   *   Cuando el estatuto prescribe que cierto asunto sólo puede ser resuelto por voto unánime, el voto unánime de aquellos presentes en la reunión es todo lo que es necesario, y cuando una proporción mayor que una simple mayoría es necesaria, la proporción requerida de aquellos presentes y que votan, generalmente se considera suficiente, con tal que desde luego haya *quorum.* Cuando, sin embargo, el estatuto exige el voto de una mayoría o una proporción mayor de 'los miembros' del concejo, se ha resuelto que no puede adoptarse una medida por una mayoría de los presentes, a menos que ellos también constituyan una mayoría de todos los miembros del concejo, tanto presentes como ausentes." 19 R. C. L. p. 890, sec. 190.

El artículo 18 de la Ley Municipal, como quedó enmendado en el año 1920, leyes de ese año página 59, y artículo 26, enmendado en 1921, leyes de 1921, página 445, en tanto son pertinentes a cualquier cuestión aquí envuelta, prescriben lo siguiente:

"Art. 18.—La mayoría del número total de miembros de la asamblea municipal constituirá *quorum;* y todas las sesiones de dicha asamblea serán públicas y se celebrarán en la casa municipal."

"Art. 26.—Corresponderá privativamente a la asamblea municipal:

  *          *          *          *          *          *          *

"5. El nombramiento y separación, por justa causa, previa audiencia de parte y oportunidad de defenderse, de los miembros del concejo de administración, con excepción del comisionado de servicio público, policía y prisiones, el cual podrá ser juzgado y separado

de su cargo por justa causa, por el voto de las dos terceras partes de los miembros de la asamblea municipal, mediante un procedimiento público de impugnación (*impeachment*), y de la resolución que dicte la asamblea, el comisionado de servicio público, policía y prisiones tendrá derecho a apelar ante la corte de distrito correspondiente;"

Interpretando estos dos artículos conjuntamente a la luz del razonamiento que ha de hallarse en los casos resueltos, nos vemos obligados a declarar, a falta de una indicación más definida de una intención contraria por parte de la legislatura, que "por el voto de las dos terceras partes de los miembros de la asamblea municipal" se quiere expresar las dos terceras partes de aquellos presentes, asumiendo, por supuesto, la existencia de un *quorum;* y que, como en el caso del nombramiento o separación de otros miembros del concejo de administración, sólo el *quorum* expresamente definido por el lenguaje adaptado a ese fin en el artículo 18, *supra,* es necesario para acusar, separar o exonerar a un comisionado de servicio público, policía y prisiones.

Véanse los siguientes casos: *State* v. *Skeggs,* 46 So. 270; *Zeiler* v. *Central Railroad Co.,* 34 L.R.A. 470; *Atkins* v. *Phillips,* 10 L.R.A. 158; *Warnock* v. *City of La Fayette,* 4 La. Ann. 420; *State* v. *Board of Police Comrs.,* 113 La. 427; *United States* v. *Ballin,* 144 U. S. 1; *State* v. *Missouri Pac. Ry. C.* 152 Pac. 781.

Debe *confirmarse* la sentencia apelada.